OPINION *Page 2 
{¶ 1} Appellant Natonya Rohrbaugh, the mother of the minor child Isabelle Simmons, appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, which granted permanent custody of Isabelle to Appellee Stark County Department of Job and Family Services ("SCDJFS"). The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant gave birth to Isabelle in December 2006, less than two months after the Stark County Juvenile Court granted permanent custody of one of appellant's other children to SCDJFS and granted legal custody of another child to that child's father.[1] Two days after Isabelle's birth, SCDJFS filed a complaint alleging dependency and seeking permanent custody of the child. Appellant's case plan had no services for appellant to complete.
 {¶ 3} The matter proceeded to a trial on January 16, 2007. On February 5, 2007, the trial court issued a judgment entry, as well as findings of fact and conclusions of law, granting permanent custody of Isabelle to SCDJFS.
 {¶ 4} On March 7, 2007, appellant timely filed a notice of appeal. She herein raises the following three Assignments of Error:
 {¶ 5} "I. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN FINDING THE CHILD TO BE DEPENDENT.
 {¶ 6} "II. THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A *Page 3 
REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 {¶ 7} "III. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 I. {¶ 8} In her First Assignment of Error, appellant challenges the trial court's finding that Isabelle is a dependent child.
 {¶ 9} R.C. 2151.04 sets forth four definitional categories for a "dependent child" under Ohio law. One of the categories, R.C.2151.04(D), defines a dependent child as a child to whom both of the following apply:
 {¶ 10} "(1) The child is residing in a household in which a parent, guardian, custodian, or other member of the household committed an act that was the basis for an adjudication that a sibling of the child or any other child who resides in the household is an abused, neglected, or dependent child.
 {¶ 11} "(2) Because of the circumstances surrounding the abuse, neglect, or dependency of the sibling or other child and the other conditions in the household of the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household."
 {¶ 12} Our standard of review regarding a trial court's determination of dependency under R.C. 2151.04 is that of abuse of discretion. See, e.g., In the Matter of Surfer (May 7, 1998), Franklin App. No. 97APF09-1158. The term "abuse of *Page 4 
discretion" connotes more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Id., citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140. Additionally, as an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base his or her judgment. Cross Truck v.Jeffries (February 10, 1982), Stark App. No. CA-5758.
 {¶ 13} In the case sub judice, the trial court heard, inter alia, testimony from Sarah Radabaugh, the SCDJFS interim investigative caseworker. Radabaugh described the history of the family, including the trial court's recent grant of permanent custody of one sibling and change of legal custody to the father of the other sibling. Tr. at 7-8. Although appellant had begun to make some progress by the time of the trial, Radabaugh continued to have concerns that infant Isabelle would be at risk of harm if returned to appellant. Tr. at 14. We conclude the trial court did not abuse its discretion in reaching its determination of dependency pursuant to R.C. 2151.04(D)(1) and (2).
 {¶ 14} Appellant's First Assignment of Error is overruled.
 II. {¶ 15} In her Second Assignment of Error, appellant challenges the trial court's finding that Isabelle could not be placed with her within a reasonable time or should not be placed with her.[2] *Page 5 
 {¶ 16} R.C. 2151.414(B)(1) reads as follows: "Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 17} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 18} "(b) The child is abandoned.
 {¶ 19} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 20} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999. * * *."
 {¶ 21} In determining whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents (see R.C. 2151.414(B)(1)(a), supra), a trial court is to consider the existence of one or more factors under R.C. 2151.414(E), including whether or not "[following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially *Page 6 
caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home." See R.C.2151.414(E)(1). Another subsection for the court's consideration is R.C.2151.414(E)(11), which states as a factor whether "[t]he parent has had parental rights involuntarily terminated pursuant to this section or section 2151.353 or 2151.415 of the Revised Code with respect to a sibling of the child."
 {¶ 22} Although the services appellant participated in were actually commenced under Isabelle's siblings' case (Tr. at 17), appellant urges that she had been compliant with Quest Services since July 2006 (Tr. at 27) and that she had completed a "mid-range" Goodwill parenting program. Tr. at 18. She was living in an apartment (although the actual renter was appellant's father's ex-girlfriend) and wanted to start individual counseling. Tr. at 31, 36. Elizabeth Parsons, the SCDJFS ongoing services worker, stated that she had seen some changes in appellant, who was trying to stay sober. Tr. at 39. Nonetheless, appellant was still unemployed at the time of the trial, and continued to rely on others, particularly her own mother, who had introduced her to drug use years ago. Tr. at 25, 39-40. Appellant purportedly attended some AA meetings, but apparently never obtained a sponsor. Tr. at 17-18. Moreover, it is undisputed that the trial court had previously terminated appellant's parental rights as to Isabelle's sibling, James. R.C. 2151.414(E)(11), supra.
 {¶ 23} It is well-established that the trial court is in the best position to determine the credibility of witnesses. See, e.g., In reBrown, Summit App. No. 21004, 2002-Ohio-3405, ¶ 9, citing State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. Upon review, we find the trial court's conclusions pursuant to R.C. 2151.414(B)(1) were *Page 7 
supported by the weight and sufficiency of the evidence. Appellant's Second Assignment of Error is therefore overruled.
 III. {¶ 24} In her Third Assignment of Error, appellant maintains the trial court's finding that permanent custody of Isabelle would be in the child's best interest was against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 25} In determining the best interest of a child for purposes of a permanent custody disposition, the trial court is required to consider the factors contained in R.C. 2151.414(D). These factors are as follows:
 {¶ 26} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 27} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 28} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 29} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 30} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child." *Page 8 
 {¶ 31} In addition to other evidence pertinent to best interests as set forth earlier in this opinion, the trial court was presented with a written guardian ad litem report recommending permanent custody of Isabelle to the agency. The record indicates that Isabelle is in good health and adoptable. Given appellant's history in the companion case of unwillingness or inability to deal with her psychological and parenting issues, and despite her very recent gains in addressing her substance abuse issues, the trial court was well within its discretion to conclude that Isabelle "deserves to be in a stable, loving environment where she can thrive and have her needs met on a daily basis." Findings of Fact and Conclusions of Law at 5. Upon review of the record in the case sub judice, we conclude the trial court's grant of permanent custody of Isabelle to SCDJFS was made in the consideration of the child's best interests and did not constitute an error or an abuse of discretion.
 {¶ 32} Appellant's Third Assignment of Error is overruled.
 {¶ 33} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.
 Wise, J. Hoffman, P. J., and Farmer, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is affirmed.
Costs to appellant.
[1] Appellant has also appealed from that decision, under appellate case number (Stark County) 2006CA00354
[2] Because appellant's brief does not focus on Isabelle's alleged father, who did not testify at the trial court level, we will chiefly discuss appellant and the child in this opinion. *Page 1